# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

LOUISE J. LINDLEY,

Debtor.

Case No. A11-00913-DMD

Chapter 13

**Filed On 12/14/11**

## STAY MEMORANDUM

First National Bank Alaska, servicing agent for the Alaska Housing Finance Corporation, has moved for relief from the automatic stay. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). This court has jurisdiction pursuant to 28 U.S.C. § 1334 and the district court's order of reference. First National's motion will be denied.

The debtor filed a chapter 13 petition on April 30, 2007.[1] Her amended chapter 13 plan was confirmed October 30, 2007. She subsequently defaulted on payments to First National and the bank received relief from stay on August 20, 2009. She also defaulted on plan payments to the chapter 13 trustee and moved for entry of a hardship discharge. Her motion was granted and the debtor received a hardship discharge on April 2, 2011. The case was closed on August 17, 2011.

First National scheduled a foreclosure sale for December 1, 2011. The day prior to the sale, November 30, 2011, the debtor initiated the instant proceeding and again sought chapter 13 relief.[2] First National promptly moved for relief from stay on the grounds

---

[1] *In re Lindley*, Main Case No. A07-00211-DMD, Docket No. 1 (Petition). The court has taken judicial notice of the other pleadings on file in this case to provide the pertinent factual background.

[2] Petition, filed Nov. 30, 2011 (Docket No. 1).

that the "Debtor received a discharge on April 2, 2011 in Case No. 07- 211 and is therefore not entitled to re-file bankruptcy until April 3, 2013."[3]

First National contends 11 U.S.C. § 1328(f)(2) precludes a debtor from filing a new chapter 13 case for a period of two years after receiving a previous chapter 13 discharge. The debtor agrees that she is not eligible to receive a discharge, but says § 1328(f) does not bar her second chapter 13 petition. Neither party is entirely correct.

11 U.S.C. § 1328(f) provides:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –
>
> (1) in a case filed under Chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>
> (2) in a case filed under chapter 13 of this title during the two year period preceding the date of such order.[4]

Section 1328(f) was added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. As discussed by the bankruptcy

---

[3] First National's Mot. for Relief From Stay, filed Dec. 2, 2011 (Docket No. 9), at 1.

[4] 11 U.S.C. § 1328(f).

2

court in *In re Hieter*,[5] this subsection addresses a debtor's eligibility for discharge, rather than eligibility for chapter 13 relief.

> Section 1328(f) provides, in part, that debtors may not receive a discharge in a subsequent chapter 13 case if they received a discharge in a chapter 7 case filed in the preceding four years, or in a chapter 13 case filed in the preceding two years. However, the language of the statute is somewhat unclear concerning how these time limits are to be measured. While there is no binding authority in this Circuit yet, those appellate courts that have interpreted this new provision generally agree that the starting point for calculating the time limitation on eligibility for a discharge in § 1328(f) is the date of the filing of the prior petition, and not the date of discharge in the prior case. See *Carroll v. Sanders (In re Sanders)*, 551 F.3d 397, 404 (6th Cir.2008); *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272, 280 (4th Cir.2008); *Gagne v. Fessenden (In re Gagne)*, 394 B.R. 219, 230 (1st Cir. BAP 2008). Those decisions carefully parse the language of § 1328(f) and reach identical conclusions. This Court agrees with their thoughtful analysis.[6]

*Collier* has reached the same conclusion. Section 1328(f) prevents the entry of a chapter 13 discharge but does not prevent a debtor from filing a chapter 13 petition.[7] Specifically, § 1328(f)(2) "prohibits the entry of a discharge in a chapter 13 case filed within

---

[5] *In re Hieter*, 414 B.R. 665 (Bankr. D. Idaho 2009).

[6] *Id* at 667-668.

[7] 8 *Collier on Bankruptcy* ¶ 1328.06 (Alan N. Resnick & Henry J. Somer eds. 16th ed.)

3

two years of the filing of a prior chapter 13 case in which a discharge was granted."[8] *Collier* discusses the Fourth Circuit's *Bateman* decision in its analysis:

> It might be suggested that Congress really intended that the four-year period [found in § 1328(f)(1)] run from the date of the discharge in the prior case, but such a reading of the subsection does violence to its plain language, which links the time period to the filing of the prior case in each subparagraph. As the Court of Appeals for the Fourth Circuit noted in *In re Bateman*, under the doctrine of the last antecedent the phrase "during the 2-year period preceding the date of such order" in section 1328(f)(2) should be read to modify the immediately preceding phrase "filed under . . ." rather than the more distant phrase "received a discharge." The court also noted that the alternative interpretation urged by the trustee, under which the time would begin from the discharge would render a word – "filed" – superfluous, something a court is loathe to do. . . . Thus, the court in *Bateman* found that the "filing date to filing date" interpretation is in keeping with the congressional preference for chapter 13.[9]

I agree with the analysis found in *Collier*, *Hinkle*, and the appellate court decisions cited by both. Section 1328(f) does not bar the debtor's second chapter 13 petition. Further, assuming the debtor fully performs her chapter 13 obligations herein, she will be eligible for a discharge notwithstanding § 1328(f)(2). Her second chapter 13 petition was

---

[8] *Id.*, ¶ 1328.06[2].

[9] *Id.* at 1328-33 (footnotes omitted).

4

filed four years and seven months after the first, well outside the two-year period found in that subsection. Section 1328(f)(2) is not applicable here.

First National seeks relief from stay "for cause" under 11 U.S.C. § 362(d)(1). It says cause exists for granting relief because § 1328(f) bars the debtor's second chapter 13 petition. As discussed above, the rationale for First National's motion is flawed. The motion will, therefore, be denied.

An order will be entered consistent with this memorandum

DATED: December 14, 2011.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: M. Joyner, Esq. (for debtor)
R. Schmidt, Esq. (for FNBA)
L. Compton, Trustee
U. S. Trustee

12/14/11

5